IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FELIPE ALFONSO AVILA,
    Plaintiff,

vs.                                        Case No.: 3:05cv280/LAC/EMT

JAMES V. CROSBY, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff has filed an Amended Motion for Preliminary Injunctive Relief (Doc. 19). He requests injunctive relief against Defendants in the form of an order requiring that Defendants return his "Sacred Santeria Orisha beads" so that he may freely practice his religion.

    Granting or denying a temporary restraining order or preliminary injunction rests in the discretion of the district court. <u>Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.</u>, 112 F.3d 1125, 1126 (11th Cir. 1997) (citing <u>United States v. Lambert</u>, 695 F.2d 536, 539 (11th Cir. 1983)); <u>Johnson v. Radford</u>, 449 F.2d 115 (5th Cir. 1971). The district court must exercise its discretion in the light of whether:

    1.    There is a substantial likelihood that plaintiff will prevail on the merits;

    2.    There exists a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted;

    3.    The threatened injury to plaintiff outweighs the threatened harm injunction will do to the defendant; and

    4.    The granting of the preliminary injunction will not disturb the public interest.

CBS Broadcasting, Inc. v. Echostar Communications Corp., 265 F.3d 1193, 1200 (11th Cir. 2001); Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Johnson v. United States Dep't of Agric., 734 F.2d 774 (11th Cir. 1984); Canal Auth. of State of Fla. v. Callaway, 489 F.2d 567 (5th Cir. 1974). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." All Care Nursing Serv. v. Bethesda Mem'l Hosp., 887 F.2d 1535, 1537 (11th Cir. 1989) (quotations omitted).

Further, the purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994); All Care Nursing Serv., 887 F.2d at 1537; United States v. State of Ala., 791 F.2d 1450, 1457 n.9 (11th Cir. 1986), *cert. denied*, 479 U.S. 1085, 107 S.Ct. 1287, 94 L.Ed.2d 144 (1987). This necessitates that the relief sought in the motion be closely related to the conduct complained of in the actual complaint. Devose, 42 F.3d at 471; Penn v. San Juan Hosp., 528 F.2d 1181, 1185 (10th Cir. 1975). Also, the persons from whom the injunctive relief is sought must be parties to the underlying action. *See* In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Laboratories, 72 F.3d 842, 842-43 (11th Cir. 1995).

In the instant motion, Plaintiff alleges that Defendants impermissibly confiscated his prayer beads, preventing him from freely practicing his religion, and he seeks their return.

In a separate order issued by this court on May 23, 2006, Plaintiff was directed to submit a second amended complaint because he failed to state a basis for liability as to some of the named Defendants (*see* Doc. 35). Although some claims in Plaintiff's amended complaint arguably state a basis for liability, those claims are in large part unrelated to the instant motion. Moreover, even if this court were to later decide that service of Plaintiff's second amended complaint is appropriate, Plaintiff is not necessarily entitled to the relief he seeks in the instant motion, as service of the complaint does not equate to a finding of "substantial likelihood" of success on the merits. Indeed, for the reasons outlined in this court's lengthy and detailed order of May 23, 2006, Plaintiff has failed to demonstrate a likelihood of prevailing on the merits of his claim regarding the prayer beads. Thus, Plaintiff has correspondingly failed to meet at least one of the prerequisites for injunctive relief and the motion for a preliminary injunction should be denied.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's Amended Motion for Preliminary Injunctive Relief (Doc. 19) be **DENIED**.

At Pensacola, Florida, this 23rd day of May 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**