IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


FELIPE A. AVILA,
     Plaintiff,

vs.                             Case No.:  3:05cv280/LAC/EMT

DEPARTMENT OF CORRECTIONS, et al.,
     Defendants.
_____/

## ORDER, AND REPORT AND RECOMMENDATION

This cause is before the court upon Plaintiff's Motion Requesting Preliminary Injunction (Doc. 40) and Motion Requesting Speedy Review of the Motion Requesting Preliminary Injunction (Doc. 41).

In Plaintiff's motion for injunctive relief, he requests that this court issue an order requiring the Department of Corrections (DOC) to return his holy worship beads (Doc. 40 at 1).  Plaintiff asserts that the beads are essential to the practice of his religion, and that DOC policy prohibiting the possession of such beads is an unconstitutional infringement on his right to freely exercise his religion (*id.* at 1-2).

Granting or denying a request for a temporary restraining order or preliminary injunction rests in the discretion of the district court.  Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citing United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983)); Johnson v. Radford, 449 F.2d 115 (5th Cir. 1971).  The district court must exercise its discretion in the light of whether:

    1.      There is a substantial likelihood that plaintiff will prevail on the merits;

    2.      There exists a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted;

3.      The threatened injury to plaintiff outweighs the threatened harm injunction will do to the defendant; and

4.      The granting of the preliminary injunction will not disturb the public interest.

CBS Broadcasting, Inc. v. Echostar Communications Corp., 265 F.3d 1193, 1200 (11th Cir. 2001); Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Johnson v. United States Dep't of Agric., 734 F.2d 774 (11th Cir. 1984); Canal Auth. of State of Fla. v. Callaway, 489 F.2d 567 (5th Cir. 1974). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites."  All Care Nursing Serv. v. Bethesda Mem'l Hosp., 887 F.2d 1535, 1537 (11th Cir. 1989) (quotations omitted).

Further, the purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994); All Care Nursing Serv., 887 F.2d at 1537; United States v. State of Ala., 791 F.2d 1450, 1457 n.9 (11th Cir. 1986), cert. denied, 479 U.S. 1085, 107 S. Ct. 1287, 94 L. Ed. 2d 144 (1987).  This necessitates that the relief sought in the motion be closely related to the conduct complained of in the actual complaint.  Devose, 42 F.3d at 471; Penn v. San Juan Hosp., 528 F.2d 1181, 1185 (10th Cir. 1975).  Also, the persons from whom the injunctive relief is sought must be parties to the underlying action.  See In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Laboratories, 72 F.3d 842, 842-43 (11th Cir. 1995).

Initially, Plaintiff seeks relief directed at the DOC, but he has named three correctional officers employed by the Okaloosa Correctional Institution as Defendants (see Doc. 38 at 1-2). Thus, Plaintiff is not entitled to the relief he seeks, as the persons from whom injunctive relief is sought must be parties to the underlying action.

Additionally, in a separate order issued by this court on September 7, 2006, Plaintiff was directed to submit a third amended complaint because he has failed to seek relief he could recover if he succeeds on his claims (see Doc. 47).  Because it has been determined that Plaintiff's second amended complaint (Doc. 38) fails to state a claim upon which the requested relief can be granted, Plaintiff has correspondingly failed to meet the prerequisites for injunctive relief, namely, that there is a substantial likelihood he will prevail on the merits in this action.  Therefore, the motion for preliminary injunction should be denied.

Accordingly, it is **ORDERED**:

Plaintiff's Motion Requesting Speedy Review of the Motion Requesting Preliminary Injunction (Doc. 41) is **DENIED** as moot.

And it is respectfully **RECOMMENDED**:

That Plaintiff's Motion Requesting Preliminary Injunction (Doc. 40) be **DENIED**.

At Pensacola, Florida, this 7<u>th</u> day of September 2006.


<u>/s/ *Elizabeth M. Timothy*          </u>
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**